UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| EDIBERTO GARCIA, | ) | |
|---|---|---|
| | ) | |
| PETITIONER, | ) | |
| | ) | |
| VS. | ) | CAUSE NO. 3:12-CV-344-RLM |
| | ) | ARISING OUT OF 3:03-CR-20-RLM |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| RESPONDENT. | ) | |

OPINION and ORDER

In 2004, Ediberto Garcia pleaded guilty to one count of aiding and abetting a conspiracy to distribute more than 100 kilograms of marijuana in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2. The court found Mr. Garcia to be a career offender, U.S.S.G. § 4B1.1 (2004 ed.), and sentenced him in February 2005 to 188 months imprisonment. In August 2012, the court denied Mr. Garcia's motion under 28 U.S.C. § 2255 challenging his career offender status based on his argument that the holding of Carachuri-Rosendo v. Holder would alter his status as a career offender. 130 S.Ct. 2577 (2010). Carachuri-Rosendo established that courts can rely only on actual convictions and not crimes that could have been charged to determine if an individual is eligible to seek cancellation of their removal from the country. Id. at 2589. The court found the holding inapplicable to Mr. Garcia because his career offender status was based on two prior actual convictions in Ohio state court: (1) felonious

assault with physical harm, and (2) aggravated drug trafficking. Accordingly, the court denied Mr. Garcia's § 2255 motion.

Mr. Garcia has moved to alter or amend the court's order denying his § 2255 motion. To prevail on a motion to alter or amend a judgment brought under Federal Rule of Civil Procedure 59(e), the movant must either present newly discovered evidence to the court or emphasize evidence already in the record that clearly establishes a manifest error of law or fact. Harrington v. City of Chicago, 433 F.3d 542, 546 (7th Cir. 2006). Mr. Garcia argues the court's order contains a manifest error of fact because his sentencing was based on a presentence investigation report with an error. Specifically, he claims he was not convicted of aggravated drug trafficking – one of the convictions used as a basis for his career offender status.

Mr. Garcia's argument is based on information in the presentence report about his October 30, 1992 drug abuse conviction that indicates he was originally charged with aggravated drug trafficking with a school yard provision but pleaded guilty to a drug abuse charge. He claims this description applies to both the drug abuse conviction and the October 13, 1992 aggravated drug trafficking conviction, so he wasn't convicted of aggravated drug trafficking. The presentence report doesn't link the description of the offense to the actual conviction it describes beyond that the description is located below the conviction on the page. The two convictions at issue have different docket numbers, different dates of arrest, and different dates of disposition. The

convictions are close in time, but whether the convictions are related is unclear. On its face, the presentence report doesn't appear erroneous.

Mr. Garcia must present the court with more than his bare assertion that he wasn't convicted of aggravated drug trafficking. To succeed on a § 2255 motion, Mr. Garcia must come forward with evidence beyond his own statements to establish the criminal history included in the presentence report was incorrect. *See* Mitchell v. United States, 359 F.2d 833, 837 (7th Cir. 1966) ("[P]etitioner [in a § 2255 motion] must show that he has proof of his allegations beyond his unsupported assertions."). Alternatively, if Mr. Garcia claims he is innocent of the aggravated drug trafficking crime, he also would have to provide the court with evidence beyond his own statements to that effect. *See* Bousley v. United States, 523 U.S. 614, 623 (1998) ("To establish actual innocence, petitioner must demonstrate that, 'in light of all the evidence,' 'it is more likely than not that no reasonable juror would have convicted him.'"). Mr. Garcia hasn't produced or cited to evidence sufficient to support his claim that the presentence report used in his sentencing was flawed, and so he hasn't demonstrated a manifest error of fact that would support his motion to alter the court's denial of his § 2255 motion that upheld his career offender status based in part on the aggravated drug trafficking conviction.

Mr. Garcia has again requested counsel be appointed to assist him with this matter, but he hasn't shown that appointment of counsel would further the interests of justice as required by 18 U.S.C. § 3006A(a)(2).

For those reasons, the court DENIES Mr. Garcia's motion to alter or amend the court's order denying his motion under 28 U.S.C. § 2255 and DENIES Mr. Garcia's request to appoint counsel (Doc. No. 3).

SO ORDERED.

ENTERED:  October 1, 2012


					/s/ Robert L. Miller, Jr.
				Judge
				United States District Court